**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10278-DOC (SK) | Date | December 18, 2018 |
|---|---|---|---|
| Title | Sid Edward Willis, Jr. v. L. J. Milusnic | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner, a federal prisoner within the Central District of California and proceeding pro se, filed a habeas petition under 28 U.S.C. § 2241, challenging his 2013 guilty plea in the District of Oregon for being a felon in possession of a handgun. (ECF No. 1). Petitioner filed at least two previous habeas petitions, including one in the Central District of California.[1] (*See* CACD Case No. 2:2018-cv-03370; ORD Case No. 3:12-cr-00292). The current Petition mirrors the petition filed before in this Court, claiming again that Petitioner did not know that the sentencing court could increase his sentence under the Armed Career Criminal Act ("ACCA"). (ECF 2; Case No. 2:2018-cv-03370, ECF 1). Although labeled in part as a § 2241 petition, that earlier petition was correctly construed as a § 2255 petition and transferred to the District of Oregon. (Case No. 2:2018-cv-03370, ECF 3). The Petition attempts to avoid that same fate by invoking the "escape hatch" of § 2255, but that is available only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (quotation omitted). Petitioner cannot make either showing here.

First, Petitioner does not allege that he was factually innocent; instead, he argues that legal error renders his detention unconstitutional. (ECF 2 at 1-8). But legal insufficiency does not qualify as actual innocence. *See Bousley v. United States*, 523 U.S. 614, 615 (1998) ("Actual innocence means factual innocence, not mere legal insufficiency."); *Guerrero v. Entzel*, 2016 WL 5871155, at *2 (C.D. Cal. Oct. 6, 2016) ("As Ninth Circuit precedent makes clear, the actual innocence exception applies only to claims asserting factual innocence predicated on a legal change that occurred after the petitioner filed his first Section 2255 motion . . ."). And even if some of the previous drug crimes which made Petitioner eligible for an ACCA-enhanced sentence were applied improperly, that is a pure legal claim not cognizable in a § 2241 petition. *See Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) ("It is clear,

---

[1] The Court takes judicial notice of Petitioner's prior federal criminal and habeas proceedings. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal court may take judicial notice of public dockets).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-10278-DOC (SK) | Date | December 18, 2018 |
|---|---|---|---|
| Title | Sid Edward Willis, Jr. v. L. J. Milusnic | | |

however, that Petitioner's claim that two of his prior offenses should no longer be considered 'related,' and that he was therefore incorrectly treated as a career offender, is a purely legal claim that has nothing to do with factual innocence.").

Second, Petitioner fails to show that he lacked an unobstructed procedural shot at bringing his claim for actual innocence. "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, . . . we consider: (1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008) (quotations omitted). The purported basis for Petitioner's claim existed as soon as he was sentenced under the ACCA, and he has challenged the application of the ACCA to his sentence before. (ORD Case No. 3:12-cr-00292, ECF 144 at 3). *See Guerrero*, 2016 WL 5871155, at *2 ("Critically, [petitioner] has not explained why he omitted his boilerplate "actual innocence" assertion from either of the two Section 2255 motions he already has filed, and there is no reason to believe he could not have raised the contention when he was before the Sentencing Court – the proper forum for his attack on the Conviction."). And Petitioner has shown no change in law that might affect his claim since his first § 2255 petition was denied.

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **January 25, 2019** why the Court should not construe the Petition as a § 2255 petition and transfer it to the District of Oregon. When, as here, the escape hatch does not apply, "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

**If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV009. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.